**Lewis v. Merchants National Bank of Kittanning**

*Marilyn Horan,* for plaintiff.
*Bradley K. Hellein,* for defendant.

KIESTER, *S.J.*, March 22, 1988—Is an appeal from a judgment rendered by a district justice timely filed when it is not accompanied by the correct filing fee?

## FACTS

Defendant mailed a notice of appeal to the prothonotary. It was received on December 14, 1987 and returned to attorney for plaintiff because it was accompanied by an incorrect filing fee. The correct fee was paid on December 15, 1987 and the appeal was docketed as of that date which was one day beyond the 30-day appeal period.

## THE LAW

In general the fees to be received by the prothonotary are fixed by statute. An exception is the fee for the commencement of actions. The General Assembly has provided that annually on or before January 1 the prothonotary of each court of common pleas is required to establish a filing fee of not less than $15 or more than $50. 42 P.S. §21071.

Another Act of Assembly provides:

"(b) The prothonotary shall not be required to enter on docket any suit or action or order of court or enter any judgment thereon or perform any services whatsoever for any person, political subdivision or the Commonwealth until the requisite fee is paid." 42 P.S. §21073.

What appears to be in conflict with the Act of Assembly is rule 205.2 of the Pa.R.C.P. which states:

"No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration." Adopted December 5, 1985, effective January 1, 1986.

## DISCUSSION

Argument and briefs of counsel establish that in Butler County the prothonotary had fixed the filing fee at $40. Defendant had forwarded with the notice of appeal the sum of $25.

The prothonotary elected not to docket the notice of appeal but rather to advise defendant by mail that the filing fee was $40 not $25.

The statute does not mandate that a prothonotary shall reject for filing a pleading that is presented without the requisite fee. Under the Act of Assembly the refusal to enter the pleading on the docket in the absence of the established fee is discretionary with the prothonotary.

Since the filing fee is fixed by a decision of the prothonotary is it to be classified as a requirement of a local rule of civil procedure? If so, under Rule of Civil Procedure 205.2 the prothonotary could not refuse to file it.

The explanatory comment to rule 205.2 has for its purpose the elimination of conflict between state-wide Rules of Civil Procedure and local rules. However, neither the rule nor the comment make reference to the statutory non-uniform filing fee requirement. In the absence of a statewide rule of court fixing fees the Judicial Code provides that

statutorily fixed fees are in effect. 42 Pa.C.S. §1725. The filing fee requirement is fixed by state law and not by a local rule.

Although the amount of the filing fee is not uniform statewide public notice is given that it is fixed in each judicial district by the prothonotary.

## CONCLUSIONS

A prothonotary has no duty to accept for filing a "notice of appeal" without payment of the locally promulgated filing fee. Thus, the burden is placed on a litigant to determine on January 1 of each year the amount of the filing fee required for that year in the particular judicial district.

The 30-day period for appeal is fixed by an Act of Assembly as well as a rule of court. 42 Pa.C.S. §5571; Pa.R.C.P.D.J. 1002.

Timeliness of an appeal is a jurisdictional question. The appellate courts have ruled that in the absence of fraud or a breakdown in the court's operation, the court cannot grant an extension nunc pro tunc of the period for appeal.

In the instant case the litigant made a mistake by not inquiring of the prothonotary as to the amount of the fee. Such a mistake does not provide the court with a legally recognized ground for granting relief.

Plaintiff's motion to strike appeal has the same effect as a motion to quash appeal. A rule was issued and the hearing held on defendant's motion to reinstate appeal and/or leave to appeal nunc pro tunc. The issue is the same as though the rule and hearing had been on the motion to strike appeal.

## ORDER OF COURT

And now, March 22, 1988, plaintiff's motion to strike appeal is granted and defendant's motion to reinstate appeal and/or for leave to appeal nunc pro tunc is denied.